LAW OFFICES
**THE DOYLE FIRM, P.C.**
1313 EAST OSBORN ROAD, SUITE 100
PHOENIX, ARIZONA 85014-5684
(602) 240-6711 TELEPHONE NUMBER
(602) 240-6951 FACSIMILE NUMBER
ALG@DOYLELAWGROUP.COM

ARIZONA BAR NUMBER    William H. Doyle, #007285
                     D. Andrew Bell, # 017938

ATTORNEYS FOR        Plaintiff Penn-America Insurance Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY, a Pennsylvania corporation;<br><br>Plaintiff,<br><br>vs.<br><br>PRECEPT CONSTRUCTION, INC., an Arizona corporation; PRECEPT MANAGEMENT AND DEVELOPMENT, LLC, an Arizona corporation; STERLING TRUST COMPANY, custodian f/b/o Alan G. Selbst IRA; ANXON, INC., a Minnesota corporation; TURNKEY CORPORATION, an Arizona corporation; WALGREEN ARIZONA DRUG CO., an Arizona corporation; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X;<br><br>Defendant. | No. CV 09-524-PHX-NVW<br><br>**PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |

Plaintiff Penn-America Insurance Company ("Plaintiff"), by and through counsel undersigned, hereby move this Court for a voluntary dismissal of this case pursuant to Rule 41, Fed.R.Civ.P. The basis for this motion is that Plaintiff's participation in the settlement of the underlying construction defect litigation has rendered Plaintiff's present declaratory

judgment action moot. This Motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

RESPECTFULLY SUBMITTED this 23rd day of June, 2010.

THE DOYLE FIRM, P.C.


By __/s/ D. Andrew Bell_____
William H. Doyle
D. Andrew Bell
1313 E. Osborn Rd., Suite 100
Phoenix, Arizona 85014-5684
Attorney for Plaintiff Penn-America Insurance Company

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Penn-America Insurance Company filed a Complaint for Declaratory Relief against Precept Construction, Inc., Precept Management and Development, LLC., Sterling Trust Company, Anxon, Inc. and Walgreen Arizona Drug Co. This Complaint for Declaratory Relief arose out of an underlying lawsuit for construction defects brought by Sterling against both Precept entities and Anxon and Walgreen. The Complaint for Declaratory Relief specifically sought a declaration that Plaintiff did not owe either of the Precept entities a defense or indemnity in the underlying lawsuit pursuant to a comprehensive general liability policy of insurance issued to Precept Construction, Inc., policy number PAC6090196, or otherwise. Sterling, Anxon and Walgreen were named as defendants in the Complaint for Declaratory Relief because they were entities who were potentially interested in a declaration of no coverage as to the Precept entities.

Both Precept defendants and Anxon defaulted. Thereafter, a default judgment was entered against each of them. At Anxon's request, Plaintiff agreed to set aside the default judgment against Anxon. The default judgments remain as to the Precept defendants.

///

A settlement conference was conducted in the underlying construction defect lawsuit at the end of March 2010. Plaintiff, who was defending Precept Construction, Inc. pursuant to a reservation of rights, appeared and participated at this settlement conference via the undersigned. Although the case did not settle at the settlement conference, negotiations continued and the case was eventually resolved by Plaintiff as to Sterling's claims against the Precept defendants. At the time, Plaintiff made a business decision to settle those claims rather than continuing with the expense of proceeding to trial in the underlying case and prosecuting the present declaratory judgment action.

As far as Plaintiff is concerned, the issue of its duty to defend and indemnify the Precept defendants with respect to the underlying lawsuit brought by Sterling was resolved with its payment of settlement funds. In other words, the declaration sought by Plaintiff by the filing of its Complaint for Declaratory Relief is now unnecessary and a moot point. Accordingly, there is nothing left for this Court to decide, and Plaintiff would request that this Court dismiss the present action, either with or without prejudice.

Plaintiff has requested that the remaining parties to the present action – Sterling, Anxon and Walgreen – stipulate to a dismissal. Defendant Anxon has thus far refused to so stipulate. At this point Plaintiff is unsure of the reason why Anxon has refused to so stipulate. Accordingly, Plaintiff is requesting a dismissal pursuant to the present motion and Court order.

Plaintiff would submit that a dismissal under the facts and circumstances of this case is entirely appropriate. "An action for a declaratory judgment may be dismissed . . . when the question presented is moot [or] where the plaintiff does not have a sufficient interest to maintain the action." 26 C.J.S. Declaratory Judgments § 148. This was precisely what the district court concluded in <u>Safeco Ins. Co. of Am. v. McAllister</u>, 785 F. Supp. 119, 122 (D. Mont. 1990) <u>aff'd</u>, 944 F.2d 909 (9th Cir. 1991):

///

> It would not be appropriate to construe the insurance contract, declaring the underlying respective rights and obligations of the parties. The underlying controversy which gave rise to this declaratory judgment action was rendered moot when [the insurer] agreed to settle the [underlying] claim . . . for the policy limits. When the issues presented are no longer "live" or the parties lack a cognizable interest in the outcome, the case is moot.

Id.; accord Stevenson v. Lanham, 127 Md. App. 597, 736 A.2d 363, 372-73 (Md. Ct. Spec. App. 1999).

In the case at hand, Plaintiff and its insured resolved the issues raised in Plaintiff's Complaint for Declaratory Relief when Plaintiff contributed to the settlement of Sterling's claims in the underlying case against the Precept defendants. Accordingly, the present declaratory action has been rendered moot and it is appropriately dismissed by this Court.

RESPECTFULLY SUBMITTED this 23rd day of June, 2010.

          THE DOYLE FIRM, P.C.


          By  /s/ D. Andrew Bell_____
             William H. Doyle
             D. Andrew Bell
             1313 E. Osborn Rd., Suite 100
             Phoenix, Arizona 85014-5684
             Attorney for Plaintiff Penn-America Insurance Company

E-FILED and COPY of the foregoing electronically
mailed this 23rd day of June, 2010, to:

Stephen L. Weber
Scott A. Booth
KASDAN, SIMONDS, RILEY & VAUGHAN, LLP
3200 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
Attorneys for Defendant Sterling Trust Company,
custodian f/b/o Alan G. Selbst IRA

Edward G. Hochuli
Timothy J. Bojanowski
JONES, SKELTON & HOCHULI, PLC
2901 North Central, Suite 800
Phoenix, AZ 85014-2703
Attorneys for Defendant Walgreen Arizona Drug Co.

1  Thomas P. Burke, II
   Shauna B. Yoder
2  BURKE ♦ PANZARELLA ♦ RICH
   3550 North Central Avenue, Suite 1750
3  Phoenix, Arizona 85014-2189
   Attorneys for Defendant Anxon, Inc.
4

5
   By /s/ LaDranda T. Boudwine
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26